IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MILDRED L. SERRANO IRAHETA <br> 11801 Ashley Drive <br> Rockville, MD 20852 <br> <br> PLAINTIFF, <br> <br> v. <br> <br> FF MAINTENANCE SERVICES, INC. <br> f/k/a FF CLEANING SERVICES, INC. <br> 13024 Freeland Road <br> Rockville, MD 20853 <br> <br> Serve: Odalis Franco <br>            13024 Freeland Road <br>            Rockville, MD 20853 <br> <br> ODALIS FRANCO <br> a/k/a ORALY J. FRANCO <br> a/k/a ODALYS GOMEZ <br> 13024 Freeland Road <br> Rockville, MD 20853 <br> <br> NILTON A. FRANCO <br> 13024 Freeland Road <br> Rockville, MD 20853 <br> <br> DEFENDANTS. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | <br> <br> <br> <br> <br> <br> Case No.: 8:19-cv-3591 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**

**I.     INTRODUCTION**

1.    The plaintiff, Mildred L. Serrano Iraheta ("Plaintiff"), by and through undersigned counsel, submits this Complaint against the defendants, FF Maintenance Services, Inc. d/b/a FF Cleaning Services, Inc. ("FF Maintenance"), Odalis Franco a/k/a Oraly J. Franco a/k/a Odalys Gomez ("Odalis Franco"), and Nilton A. Franco ("Nilton Franco") (collectively, "Defendants") to recover damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§

201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*, Montgomery County Minimum Wage Law ("MCMWL"), Montgomery Cnty. Code §§27-67, *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.*

## II.     JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is appropriate in the District of Maryland pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this claim occurred within this judicial district.

## III.    THE PARTIES

4.     Plaintiff is an adult resident of Maryland.

5.     Defendant FF Maintenance is a Maryland corporation providing maintenance and repair services to residential and commercial buildings with its principal place of business located at 13024 Freeland Road, Rockville, Maryland.  Prior to December 12, 2014, FF Maintenance was registered with the State Department of Assessments and Taxation as FF Cleaning Services, Inc. and its bank accounts still bear the old name.

6.     At all relevant times, Defendants Odalis Franco and Nilton A. Franco were the principals of defendant FF Maintenance and have had operational control over the companies, including the directing of day-to-day employment decisions.  Odalis Franco and Nilton A. Franco employed the Plaintiff, established her wage rates, and are personally responsible for the

unlawful acts alleged in this Complaint.

7. Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. §203(e)(1), Montgomery Cnty. Code §27-67(b) and Maryland law.

8. Plaintiff was an employee engaged in commerce and/or an employee in an enterprise engaged in commerce within the meaning of 29 U.S.C. §§206(a) and 207(a)(1).

9. Defendants were each and all Plaintiff's employers as that term is defined by 29 U.S.C. §203(d), Md. Code Ann., Lab. & Empl. §§3-401(b) and §3-501(b), and Montgomery Cnty. Code §27-67(b).

## IV. STATEMENT OF FACTS

10. Plaintiff worked as a driver and maid in Defendants' apartment cleaning service from around 2013 until September 16, 2019.

11. From around December 2016 until the end of her employment, Defendants paid Plaintiff at the rate of $120.00 per day without regard to the number of hours worked per day or the number of hours worked per week.

12. Plaintiff worked five days per week in approximately half the weeks and six days in approximately half the weeks.

13. Plaintiff's workday typically started at 7:00am, when she had to drive to the home of another maid employed by Defendants to pick her up from her home at around 7:15am. From there, Plaintiff drove to and from the day's cleaning assignments and each assignment together with the other maid. Plaintiff finished the day's work anywhere between 6:30pm and 9:00pm.

14. Plaintiff only rarely took a half hour for lunch.

15. While the total number of hours worked varied somewhat from day to day, Plaintiff estimates that she worked an average of 12 hours per day, for a total of around 60 hours

in those weeks when she worked five days and around 72 hours in those weeks when she worked six days.

16. Defendants did not pay Plaintiff at the overtime premium rate of one and one-half times her regular rate for all hours over forty worked in each one-week period.

17. Defendants had at least 11 but no more than 50 employees at all relevant times.

18. The Montgomery County, Maryland minimum wage was $10.75 per hour at all relevant times until June 30, 2017.

19. From July 1, 2017 until June 30, 2018, the Montgomery County minimum wage was $11.50 per hour.

20. From July 1, 2018 until June 30, 2019, the Montgomery County minimum wage applicable to employers who employ between 11 and 50 employees was $12.00 per hour.

21. Since July 1, 2019, the Montgomery County minimum wage applicable to employers who employ between 11 and 50 employees is $12.50 per hour.

22. The Maryland minimum wage was $8.75 per hour at all relevant times until June 30, 2017.

23. From July 1, 2017 until June 30, 2018, the Maryland minimum wage was $9.25 per hour.

24. Since July 1, 2018, the Maryland minimum wage is $10.10 per hour.

## V.   COUNT ONE: FLSA AND MWHL OVERTIME VIOLATIONS

25. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

26. Defendants' failure to pay Plaintiff wages at the rate of one and one-half times her regular hourly rate for hours worked in excess of forty in each one-week period violates both, 29 U.S.C. §207 and Md. Code Ann., Lab. & Emp. §3-415.

27. Defendants' failure to pay overtime wages as required by 29 U.S.C. §207 and Md. Code Ann., Lab. & Emp. §3-415 was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiff consistent with the FLSA and MWHL but did not do so.

28. As a result of Defendants' unlawful conduct, Plaintiff suffered a loss of wages and consequential damages.

## VI. COUNT TWO: MWHL MINIMUM WAGE VIOLATIONS

29. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

30. Defendants' failure to pay Plaintiff at least the Maryland minimum wage for each hour worked violates Md. Code Ann., Lab. & Emp. §3-413(b).

31. Defendants' failure and refusal to pay Plaintiff at least the Maryland minimum wage was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiff consistent with the MWHL but did not do so.

32. As a result of Defendants' unlawful conduct, Plaintiff suffered a loss of wages and consequential damages.

## VII. COUNT THREE: MCMWL MINIMUM WAGE VIOLATIONS

33. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

34. Defendants' failure to pay Plaintiff at least the Montgomery County, Maryland minimum wage for each hour worked violates Montgomery County Code §27-68.

35. Defendants' failure to pay minimum wages as required by Montgomery County Code §27-68 was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay in accordance with the Montgomery County minimum wage but did not do so.

36. As a result of Defendants' unlawful conduct, Plaintiff suffered a loss of wages and consequential damages.

### VII. COUNT FOUR: MWPCL WAGE PAYMENT VIOLATIONS

37. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

38. Defendants' failure to pay Plaintiff all wages due for the work Plaintiff performed violates Md. Code Ann., Lab. & Emp. §§3-501 *et seq*.

39. Defendants' failure to pay all wages due to Plaintiff as required by the MWPCL was not a result of a *bona fide* dispute.

40. As a result of Defendants' unlawful conduct, Plaintiff suffered a loss of wages and consequential damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendants to pay to Plaintiff all wages owed, consistent with the Fair Labor Standards Act, Maryland Wage and Hour Law, Montgomery County Minimum Wage Law, and Maryland Wage Payment and Collection Law;

2. Award Plaintiff liquidated damages for all wages owed pursuant to 29 U.S.C. §216(b) and Md. Code Ann., Lab. & Emp. §3-427(a)(2);

3. Award Plaintiff punitive (treble) damages for all wages owed pursuant to Md. Code Ann., Lab. & Emp. §3-507.2(b);

4. Award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216 and Md. Code Ann., Lab. & Emp. §§ 3-427(a)(3) and 3-507.2(b);

5. Award Plaintiff pre-judgment and post-judgment interest; and

6. Award Plaintiff such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

*/ s / Mariusz Kurzyna*

Mariusz Kurzyna (Bar No. 20284)
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240-839-9142
mkurzyna@zagfirm.com

*Counsel for Plaintiffs*