IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MILDRED L. SERRANO IRAHETA | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| v. | * | Civil Action No. TJS-19-3591 |
| | * | |
| FF MAINTAINENCE SERVICES, INC, *et al.* | * | |
| | * | |
| DEFENDANTS. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

The plaintiff, Mildred L. Serrano Iraheta ("Plaintiff"), and the defendants, FF Maintenance Services, Inc., Odalis Franco, and Nilton A. Franco ("Defendants") (collectively with Plaintiff, "Parties."), jointly seek the Court's approval of the Settlement Agreement and Full and Final Release of Claims entered into by the Parties, a copy of which is attached hereto as Exhibit 1 ("Settlement Agreement"). The Parties seek an Order approving the Settlement Agreement and dismissing Plaintiff's claims against Defendants with prejudice and without costs, attorneys' fees, or interest and waiving all rights of appeal.

**INTRODUCTION**

In this wage and hour case, Plaintiff brought claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Maryland Wage and Hour Law, Md. Code Ann., Labor & Employ. §§3-401 *et seq.* ("MWHL"), Montgomery County Minimum Wage Law ("MCMWL"), Montgomery Cnty. Code §§27-67, *et seq.*, and the Maryland Wage Payment and Collection Law, Md. Code Ann., Labor & Employ. §§3-501 *et seq.* ("MWPCA"). Having reached a settlement, the Parties now jointly request that the Court enter an Order approving the Settlement Agreement because any release of FLSA claims must have Department of Labor or judicial approval to be effective. *See Brooklyn Savings Bank v. O'Neill*, 324 U.S. 697, 706-07 (1945); *Barrentine v.*


*Arkansas-Best Freight System*, 450 U.S. 728 (1981); *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

The Parties have carefully and exhaustively negotiated a settlement in this action, with significant assistance from Magistrate Judge Timothy J. Sullivan, and they have agreed to resolve the disputed factual and legal issues on terms set forth in the Settlement Agreement. The Settlement Agreement reflects reasonable compromises of issues actually in dispute, the settlement was reached in an adversarial context in which the Parties were represented by competent and experienced counsel, and the totality of the proposed settlement is fair and reasonable.

**I.     THE COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT AND DISMISS THE ACTION WITH PREJUDICE**

The Court should approve the Settlement Agreement and dismiss the action with prejudice because the settlement is the product of contested litigation, Plaintiffs are represented by competent and experienced counsel, and the Settlement Agreement reflects a reasonable compromise of disputed issues. Defendants expressly denied liability in response to the Complaint and made no admissions of liability in the Settlement Agreement but rather restated their denial. In entering into the settlement agreement, the Parties extensively negotiated and contested the merits of the claims. The Settlement Agreement's provisions are fair and reasonable and are the product of a reasonable compromise of disputed issues.

This Court considers the following factors in reviewing whether to approve an FLSA settlement as fair and reasonable:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of counsel; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 U.S. Dist. LEXIS 83414, at *8, 2013 WL 2949047 (D. Md. June 13, 2013) (citations and quotation marks omitted).

As to the first factor, the Parties settled the case during a settlement conference with Judge Sullivan after engaging in written discovery. As to the second factor, the Parties settled the present case during the pendency of the discovery phase of litigation.

As to the third factor, there was no fraud or collusion related to the Settlement Agreement. Prior to accepting the settlement agreement, the Parties – with the advice of their respective counsel – considered the potential value of Plaintiff's claims, the strengths and weaknesses of Defendants' defenses, and the risks and expenses of further litigation, and each side independently concluded that settlement is in their best interests and a fair and reasonable resolution of Plaintiff's claims.

As to the fourth factor, Plaintiff's counsel has extensive experience in investigating, litigating, and settling FLSA claims. Attorney Mariusz Kurzyna and the law firm of Zipin, Amster & Greenberg, LLC ("Firm") have litigated numerous FLSA claims in the District of Maryland and other districts. Plaintiff's counsel are well equipped to advise, and have advised, Plaintiff as to the suitability of the Settlement Agreement. As to the fifth factor, counsel for the Parties agree that the settlement is fair and just and represents a reasonable compromise regarding bona fide disputes.

As to the sixth factor, Plaintiff's counsel estimated her maximum recovery at around $22,000-$27,000, not including liquidated damages. However, Defendants vigorously contested the amount of the alleged damages and the lack of documentary evidence put in doubt whether Plaintiff would be able to prove the claimed damages. Based on these considerations, Plaintiff agreed to accept $17,500.00 in settlement of her claims for damages, not including fees and costs. Therefore, "the settlement does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute." *Lopez v. NTI, LLC*, 748 F.

Supp. 2d 471, 478 (D. Md. 2010) (internal citations omitted). Courts have recognized "a role for less-than-full-value compromise in the FLSA settlement process." *Id.* These compromises reflect many factors, including disagreements over the number of hours worked. *See id.*

## II. PLAINTIFF SUBMITS THAT THE AMOUNT OF ATTORNEYS' FEES AND COSTS IS REASONABLE

"In calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (quoting *Grissom v. The Mills Corp.,* 549 F.3d 313, 320-21 (4th Cir. 2008)). Because the lodestar calculation is "objective" and "approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case", the standard "cabins the discretion of trial judges, permits meaningful judicial review, and produces reasonably predictable results." *Perdue v. Kenny,* 559 U.S. 542, 551-52 (2010) (quotation marks and citations omitted).

### A. The Hours Expended Are Reasonable.

All of the time expended by the attorneys and paralegals of Zipin, Amster & Greenberg, LLC ("Firm") for which Plaintiff seeks compensation is set forth in detail in Exhibit 3. (Exhibit 2, Declaration of Mariusz Kurzyna, at ¶¶ 15-16; Ex. 3)  The Firm has also incurred $400.00 for the court filing fee and $165.00 for service of process, for a total of $565.00 in costs incurred. (Ex. 2 at ¶ 17)  Billing entries were recorded contemporaneously with the work performed, and the billing statement identifies the amount of time expended, the tasks performed, and the given timekeeper's hourly rate. (Ex. 2 at ¶ 15; Ex. 3)

The undersigned Plaintiff's counsel has reviewed the billing statement generated in this matter. (Ex. 2 at ¶ 16)  The fees submitted by Plaintiff are those that counsel, in the exercise of

4

their billing judgment, and after making a good-faith evaluation of all recorded hours of work performed in relation to Plaintiffs' case, find to be fair and reasonably necessary to the litigation. (Ex. 2 at ¶ 18) They do not include time that the Firm would not otherwise charge if Plaintiff were an hourly paying client. (Ex. 2 at ¶ 19) Applying the appropriate hourly rates to the hours reasonably expended by each attorney or paralegal who contributed to the successful prosecution of Plaintiff's claims, the total fees and costs are:

| | |
|---|---|
| **Attorney's Fees through 11/29/2021:** | $14,845.50 |
| **Costs:** | <u>$    565.00</u> |
| **Total Fees and Costs:** | $15,410.50 |

### B. The Hourly Rates Are Reasonable.

An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n. 11 (1984). Plaintiff's counsel seeks fees at hourly rates that are the normal and customary rates that the Firm charges to its hourly paying clients. (Ex. 2 at ¶¶ 12-13) The rates are also below the rates charged by other area firms doing similar work. (Exhibit 2 at ¶ 14) Finally, the rates fall within the "presumptively reasonable" rates listed in Appendix B of the Local Rules. *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000).

### C. The *Johnson* Factors Support the Fees and Costs Requested in Plaintiffs' Motion for Attorneys' Fees.

In considering whether the lodestar amount should be adjusted up or down, the Fourth Circuit has directed courts to rely on the twelve factors set out in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See e.g., McAfee v. Boczar,* 738 F.3d 81, 89 (4th Cir. 2013). But as Judge Grimm recently observed, "the Supreme Court has noted (and experience awarding attorneys' fees has confirmed) that the subjective *Johnson* factors provide

very little guidance and, in any event, that 'the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee.'" *Portillo v. Intipuqueno Rest.*, No. PWG-15-3909, 2019 U.S. Dist. LEXIS 32552, at *11 (D. Md. Feb. 27, 2019) (quoting *Perdue*, 559 U.S. at 553). Notwithstanding, the *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment; (5) the customary fee in the community for similar work; (6) the fixed or contingent nature of the fee; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. The same factors have been codified in the Maryland Rules of Civil Procedure for use "in statutory fee-shifting cases, where the 'lodestar method' is applied in determining an award." Md. Rule 2-703(f)(3) committee note. Those twelve factors, which are addressed in turn below, support the fee award Plaintiff seeks.

1. <u>Time and labor required</u>

See Section II(A) above.

2. <u>Novelty and difficulty of the questions</u>

While the lack of time and mileage records complicated the determination and proof of damages, Plaintiff's counsel does not seek an upward adjustment of the lodestar based on this factor.

3. <u>Skill required to perform the legal service properly</u>

"Skill is evidenced by an attorney's initial legal research and case assessment, continuing negotiation and settlement attempts, persuasiveness, and other fundamental aspects of organization

and efficiency." *Peacock v. Bank of America Corp.*, 133 F. Supp. 2d 1322, 1327 (M.D. Fla. 2000). "The underpinning for these facets of legal skill is knowledge, knowledge of trial practice and knowledge of substantive law." *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988).

To successfully pursue an FLSA case, an attorney must possess a range of specialized skills and current knowledge of legal developments in order to properly navigate discovery, withstand motions, and prove liability. Plaintiff's counsel is highly experienced in the employment law field, particularly so with FLSA cases. (Ex. 2 at ¶¶ 3-11, 13) Counsel's knowledge, skill, and experience facilitated a successful outcome for the Plaintiff in this case. Additionally, the Firm executed the litigation of Plaintiff's case with organized efficiency. Nevertheless, Plaintiff's counsel does not seek any upward adjustment to the lodestar based on this factor.

    4.   <u>Whether acceptance of the case precluded other employment by the attorney</u>

The Firm operates a very busy employment law practice. The Firm incurred significant opportunity costs because this matter has consumed nearly 40 attorney hours that would have been devoted to pursuing other fee-generating matters. (Ex. 2 at ¶ 21) Nevertheless, Plaintiff's counsel does not seek any upward adjustment to the lodestar based on this factor.

    5.   <u>Customary fee for similar services</u>

Plaintiff's counsel seeks hourly rates that are the standard and customary rates that the Firm charges to its hourly clients. The requested rates are also in line with or lower than fees charged by other area firms for similar services. (Ex. 2 at ¶¶ 12-14)

    6.   <u>Whether the fee is fixed or contingent</u>

The Firm agreed to represent Plaintiff on a contingency basis. (Ex. 2 at ¶ 20) The Firm has never charged the Plaintiffs anything for representation in this case, but instead agreed to accept

payment of attorney's fees only if successful in the litigation. (*Id.*)  For a period of more than two years, the Firm has expended nearly 40 hours of professional time and hundreds of dollars in costs to pursue Plaintiff's claims in this case. (Ex. 2 at ¶¶ 16, 17, 20; Ex. 3)

7. <u>Time limitations imposed by the client or the circumstances</u>

No unusual time limitations were presented that would form the basis for any adjustment to the lodestar in this case.

8. <u>Amount involved and the results obtained</u>

Plaintiff's counsel estimated her maximum recovery at around $22,000-$27,000, not including liquidated damages.  However, Defendants vigorously contested the amount of the alleged damages and the lack of documentary evidence put in doubt whether Plaintiff would be able to prove the claimed damages.  Under the terms of the Settlement Agreement, Defendants will pay a total of $32,500.00 toward Plaintiff's damages, attorneys' fees, and costs.  From that amount, Plaintiff will receive a total of $17,500.00.

9. <u>Experience, reputation, and ability of the attorneys.</u>

Plaintiff's counsel is highly skilled in the field of FLSA litigation.  He and the Firm have an excellent reputation for same among the employment bar. (Ex. 2 at ¶¶ 5-7)

10. <u>Undesirability of the case</u>

Plaintiff's claim was undesirable inasmuch as the Firm took a risk of not recovering any fees or costs if they did not prevail.

11. <u>Nature and length of the professional relationship with the client</u>

The Firm has represented Plaintiff since September 23, 2019.

12. <u>Awards in similar cases</u>

The FLSA is a civil rights statute. *See CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 454, (2008).  "Awards of attorney's fees substantially exceeding damages are not unusual in civil rights litigation." *Thorn v. Jefferson-Pilot Life Ins. Co*., 445 F.3d 311, 328 n.20 (4th Cir. 2006); *See, e.g., Mercer v. Duke Univ*., 401 F.3d 199, 211-12 (4th Cir. 2005) (affirming $349,244 in attorney's fees awarded in Title IX suit yielding only nominal damage award); *Almendarez v. J.T.T. Enters. Corp.,* No. JKS-06-68, 2010 U.S. Dist. LEXIS 88043, 2010 WL 3385362, at *3 (D. Md. Aug. 25, 2010) ($84,058 in attorneys' fee awarded after jury verdict totaling $6,600 in favor of three out of eight FLSA plaintiffs); *Butler v. Directsat USA, LLC,* No. DKC-10-2747, 2016 U.S. Dist. LEXIS 35632, 2016 WL 1077158, at *7 (D. Md. Mar. 18, 2016) (approving attorneys' fees award of $258,390.67 in FLSA collective action where plaintiffs had received between $54.36 and $4,197.78, for a total of approximately $36,000); *Chapman v. Ourisman Chevrolet Co*., No. AW-08-2545, 2011 U.S. Dist. LEXIS 73708, 2011 WL 2651867 at *18 (D. Md. July 1, 2011) (awarding $27,292.52 in fees on an offer of judgment of $3,100 for two FLSA plaintiffs).

### III.    CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court approve the Settlement Agreement in this matter.

Respectfully submitted,

  */ s / Mariusz Kurzyna*
Mariusz Kurzyna (Bar No. 20284)
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240-839-9142
mkurzyna@zagfirm.com

*Counsel for Plaintiff*

    */ s / T. Bruce Godfrey*
*(signed by Mariusz Kurzyna*
*with permission of T. Bruce Godfrey)*
T. Bruce Godfrey (Bar No. 24596)
Jezic & Moyse LLC
2730 University Blvd. W #604
Silver Spring, MD 20902
(240) 292-7200/fax (240) 292-7225
Godfrey@jezicfirm.com

*Counsel for Defendants*

10