## SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of Claims (the "Agreement") constitutes the following resolution of disputes between Mildred Serrano Iraheta (Plaintiff) and Odalis Franco, Nilton Franco & FF Maintenance Services, Inc. ("Defendants" or, individually, "Defendant", and collectively with Plaintiff, "the Parties.")

### Recitals

**WHEREAS**, Plaintiff alleges that she was employed at various times by Defendants and that she is owed unpaid minimum wages, overtime wages and other wages;

**WHEREAS**, Plaintiff has pending against Defendants an action in the U.S. District Court for Maryland ("the Court") styled as Serrano Iraheta v. FF Maintenance Services, Inc. et al, Case No. PWG/TDS 19-CV-03591 (the "Lawsuit"), alleging claims for violation of several federal and state wage and hour and wage payment collection laws;

**WHEREAS**, Defendants deny Plaintiff's allegations, discovery in this litigation has proceeded and the Parties have engaged in good-faith negotiations with the assistance of counsel,

**WHEREAS**, the Parties acknowledge and agree that *bona fide* disputes exist between them with regard to the hours worked by Plaintiff and the purported wages due; and

**WHEREAS**, without admission or denial of liability, the Parties collectively desire to settle, fully and finally, all differences between them and have reached settlement terms for the resolution of their disputes,

**NOW, THEREFORE**, in consideration of promises contained in this Agreement and other good and valuable consideration, and to avoid unnecessary and/or expensive litigation, it is hereby agreed by and between the Parties as follows:

1. **CONSIDERATION.** In consideration of Plaintiff's decision to enter into and execute this Agreement and fulfill her obligations herein, Defendants agree to pay $32,500.00 ("the Consideration") on or before the date specified in paragraph 2 below, to Plaintiff and/or her designee to settle all claims relating to the Parties' working relationship, including but not limited to, claims for unpaid wages, statutory/liquidated damages, and attorneys' fees and costs. The Parties understand and agree that of the total amount of the Consideration, $17,500.00 reflects the complete settlement and compromise of Plaintiff's claims for damages, and $15,000.00 reflects the complete settlement and compromise of any claims by Plaintiff or her legal counsel for attorney's fees and costs. The Parties represent and warrant that, through their counsel, they have been informed of all terms of this Agreement and that they have acknowledged their agreement to such terms.

2. **PAYMENTS.** Defendants agree to pay the Consideration subject to the following terms and payable as follows:

   a. Plaintiff shall deliver to Defendants' attorney a completed and signed IRS form W-9 no later than 15 days before the due date of the Consideration of December 28, 2021, i.e. by December 13, 2021.
   b. Unless Plaintiff designates another payee for some or all of the funds by December 13, 2021, Defendants shall pay the consideration by check or checks to "Zipin, Amster & Greenberg as Escrowee" to Zipin, Amster & Greenberg LLC, 8757 Georgia Ave #400, Silver Spring, MD 20910.

3. **NO ADMISSION.** This settlement does not represent an admission of wrongdoing by any of the Parties, nor a concession of any disputed claim of fact or law, but rather a resolution in compromise by all Parties of competing and conflicting positions.

4. **DISMISSAL WITH PREJUDICE**   Upon full execution of this Agreement, counsel for the Parties will cooperate to request leave of Court towards approval of the settlement terms herein, by filing the appropriate motions and supporting documentation with the Court, and towards ending the Lawsuit by a Stipulation of Dismissal With Prejudice, consistently with applicable law and rules.

5. **PLAINTIFF'S FULL AND FINAL RELEASE OF DEFENDENTS.**

   A. In exchange for the consideration set forth herein, including but not limited to the monetary payments described above, Plaintiff, for herself and her attorneys, heirs, executors, administrators, successors and assigns, fully, finally and forever waives, releases and discharges Defendants, including, as applicable, all of Defendants' heirs, executors, administrators, parent entities, subsidiaries and/or any affiliated companies or companies alleged to form a single enterprise or joint employer, as well as their successors, assigns, officers, stockholders, members, directors, supervisors, agents, representatives, attorneys, insurers, and employees, from any and all claims, causes of action, contracts, demands, damages, and other liabilities of whatever kind, whether now known or unknown, suspected or unsuspected, arising out of or in any way connected with Plaintiff's dealings with any of the Defendants.

   B. The release set forth in this Section includes, without limitation, any and all claims under the following statutes, as amended: Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Age Discrimination in Employment Act, the Employee Retirement Income Security Act, the Americans With Disabilities Act, the Family and Medical Leave Act, the Fair Labor Standards Act, the Maryland Fair Employment Practices Act, the Maryland Equal Pay for Equal Work Act, the National Labor Relations Act, the Maryland Wage Payment and Collection Law, the Maryland Wage and Hour Law, and any other federal, state or local human rights, civil rights, wage and hour, pension or labor law, rule and/or regulation. In addition, the release includes, without limitation, any public policy, contract, or tort claim (regardless of whether of

statutory or common law origin), including but not limited to defamation, libel, assault, battery, intentional or negligent infliction of emotional distress, or any other action against the Defendants based upon any conduct or omission up to and including the date on which Plaintiff sign this Agreement.

6. **RIGHT TO FILE A CHARGE/COMPLAINT OR PARTICIPATE IN GOVERNMENT INVESTIGATION.** Nothing contained in this Agreement, and no obligation set forth in this Agreement, including, but not limited to, the Full and Final Release obligation (Section 5), is intended to, or will preclude Plaintiff from filing any charge or complaint with any government agency, including without limitation the Department of Labor, the Equal Employment Opportunity Commission or National Labor Relations Board, or participating in, or cooperating with, any lawful government investigation of Defendants by any agency named or not named herein. However, by signing this Agreement, Plaintiff agrees and acknowledges that she is waiving and releasing any right to receive further or additional monetary relief or individualized equitable relief.

7. **NO OTHER CLAIMS.** Plaintiff represents and warrants that she has not filed, nor assigned to others the right to file, nor are there currently pending, any complaints or lawsuits against Defendants with any court other than the Lawsuit.

8. **NON-DEFAMATION.** Plaintiff covenants and agrees that she will not directly or indirectly communicate or make, or cause any other person or entity to communicate or make, any defamatory, libelous, or slanderous remarks, statements, comments, or communications (whether oral or written) concerning Defendants, or their business, products, and services. Defendants covenant and agree that they will not directly or indirectly communicate or make, or cause any other person or entity to communicate or make, any defamatory, libelous, or slanderous remarks, statements, comments, or communications (whether oral or written) concerning Plaintiff.

9. **GOVERNING LAW.** This Agreement is to be interpreted, enforced, and governed by and under the laws of Maryland, without giving effect to the conflict of laws rules and principles thereof.

10. **SOLE AND ENTIRE AGREEMENT.** This Agreement sets forth the entire agreement between the Parties related to the subject matter of this Agreement.

11. **NO OTHER PROMISES.** Plaintiff affirms that the only consideration for signing this Agreement is that set forth herein and that no other promise or agreement of any kind has been made to or with Plaintiff by any person or entity to persuade or cause Plaintiff to execute this document.

12. **LEGALLY BINDING AGREEMENT.** Plaintiff understands and acknowledges that (a) this is a legally binding release; (b) by signing this Agreement, Plaintiff is hereafter barred from instituting claims against any of the Defendants in the manner and to the extent set forth above; and (c) this Agreement is final and binding. This

Agreement shall be binding upon and inure to the benefit of Defendants and Plaintiff, and their respective heirs, attorneys, administrators, representatives, executors, successors, and assigns.

13. **TAX CONSEQUENCES**.  The Parties acknowledge that they are responsible for their respective tax liabilities arising from, or related to, the terms of this Agreement and/or distributed settlement monies and will not look to the other Parties for any indemnification or reimbursement of any tax liability or assessment for any reason.. Plaintiff acknowledges that neither Defendants, nor their respective attorney, accountants, or their insurer has offered Plaintiff any tax advice with respect to the tax aspects of any portion of this settlement or any other matters.

14. **CONSTRUCTION.** This Agreement shall not be construed against the party(ies) preparing it but shall be construed as if all Parties jointly prepared this Agreement and any uncertainty and ambiguity shall not be interpreted against any one party.

15. **HEADINGS.** The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force or effect, nor do they in any way alter the terms or meaning of this Agreement.

16. **AGREEMENT IS KNOWING AND VOLUNTARY.**  The Parties further represent and acknowledge that none of the Defendants has made any representations, statements, promises, inducements, threats, or suggestions to influence them to sign this Agreement, except those promises and other statements which are expressly set forth herein.  This Agreement has been prepared in English and its English interpretation shall only apply to the Agreement and shall be binding upon the Parties.  The Parties represent and warrant that they have fully discussed this Agreement with their respective attorneys, have consulted with a translator of their choosing if the Parties deems translation to be necessary and/or desirable, that all terms are understood, and that the execution of this Agreement is completely voluntary.

17. **ELECTRONIC SIGNATURES/COUNTER-PARTS**.  The Parties agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but such counterparts shall together constitute one and the same agreement.  The signature and execution of this Agreement by any of the Parties may be evidenced by facsimile, photocopy, or electronic transmission (including such electronic signing software such as "Docusign®") and such signature and execution shall be deemed to constitute the original signature of the party.  Signatures may be made and delivered electronically to the fullest extent permitted under the Maryland Uniform Electronic Transactions Act, Md. Ann. Commercial Law § 21-101, et seq.

**[SIGNATURES TO FOLLOW ON THE NEXT PAGE]**

**PLEASE READ THIS DOCUMENT CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

| Date: Nov 23, 2021 | *Lizeth Serrano (Nov 23, 2021 20:38 EST)* <br> Mildred SERRANO IRAHETA |
|---|---|
| Date: 12-15-21 | For: FF Maintenance Services, Inc. <br> By: Nilton A Franco <br> Name: <br> Title: VP |
| Date: 12-15-21 | *Odaly J Franc* <br> Odalis Franco |
| Date: 12-15-21 | *[signature]* <br> Nilton Franco |